1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

10    RAY TOMAS, an individual, and EDNA     )      Case No.: 2:09-cv-02063-RLH-LRL

TOMAS, husband and wife,                )

11                                      )            **O R D E R**

                Plaintiff,          )

12                                        )    (Motion to Dismiss Complaint, Expunge

      vs.                         )      Lis Pendens, and to Strike Punitive

13                                        )            Damages–#5)

QUICK LOAN FUNDING INC.; OCWEN    )

14    LOAN SERVICING, LLC.; AZTEC        )

FORECLOSURE CORPORATION; HSBC    )

15    BANK USA, N.A., as Trustee on behalf of ACE )

Securities Corp. Home Equity Loan Trust and   )

16    for the Registered Holders of ACE Securities    )

Corp. Home Equity Loan Trust, Series 2006-    )

17    SD-2, Asset Backed Pass-Through Certificates; )

DOES I–V, and ROE ENTITIES VI–X,       )

18    inclusive,                                     )

                                       )

19                Defendants.        )

                                       )

20

21         Before the Court is Defendants Ocwen Loan Servicing, LLC, HSBC Bank USA,

22   N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the

23   Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-SD-2, Asset

24   Backed Pass-Through Certificates' **Motion to Dismiss Complaint, Expunge Lis Pendens, and to**

25   **Strike Punitive Damages** (#5), filed April 23, 2010.  Plaintiffs Ray Tomas and Edna Tomas did

26   not respond.

1

**BACKGROUND**

Plaintiffs executed an adjustable rate mortgage on the real property located at 1126 Teal Point Drive, Henderson, Nevada, in October 2005 using Quick Loan Funding, Inc. as their mortgage lender.  Plaintiffs' claims stem from their allegations that Defendants failed to explain the terms of the adjustable rate loan.

On February 9, 2009, Plaintiffs commenced this action in the Eighth Judicial District Court for the State of Nevada.  On October 23, Defendants removed the case to this Court on the basis of diversity jurisdiction.  On April 23, 2010, Defendants moved to dismiss Plaintiffs' Complaint, expunge the lis pendens on the property, and strike Plaintiffs' request for punitive damages.  For the reasons discussed below, the Court grants Defendants' Motion to Dismiss.

**DISCUSSION**

If one party files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the party against whom that motion is filed must file points and authorities in opposition to that motion within fourteen (14) days after the service of the motion.  Local Rule 7-2(b).  The failure of a party to file points and authorities in opposition to any motion constitutes a consent to the Court's grant of the motion.  Local Rule 7-2(d).

Pursuant to the Local Rules of this Court, any response to Defendants' Motion was to be filed and served within 14 days, or by May 10, 2010.  Because no response or opposition to the Motion was filed pursuant to the Local Rules, the Court grants Defendants' Motion to Dismiss. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal).

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Complaint, Expunge Lis Pendens, and to Strike Punitive Damages (#5) is GRANTED.

/

AO 72
(Rev. 8/82)

1    IT IS FURTHER ORDERED THAT any Lis Pendens recorded by the Plaintiffs in

2    connection with this lawsuit be expunged, extinguished, and/or released.

3    The Clerk of the Court is ordered to close this case.

4    Dated: May 20, 2010.

5

6    _____

7    **ROGER L. HUNT**
     **Chief United States District Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)